IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VISHNU KOLAL<br>1091 Penn Circle, Apt. GT15<br>King of Prussia, Pennsylvania 19406<br><br>PLAINTIFF,<br><br>v.<br><br>GALEN ROBOTICS, INC.<br>101 West Dickman Street<br>Baltimore, Maryland 21230<br><br>SERVE:  The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>And<br><br>BRUCE LICHOROWIC<br>4112 Greenway 3<br>Baltimore, Maryland 21218<br><br>DEFENDANTS | Case No. _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Vishnu Kolal ("Plaintiff"), by and through undersigned counsel, files his Complaint against his former employers Galen Robotics, Inc. ("Galen") and Bruce Lichorowic, individually ("Lichorowic") (together, "Defendants), and herein seeks recovery of earned and unpaid wages, statutory damages, costs, and attorney's fees against Defendants, jointly and severally.  In support, Plaintiff alleges as follows.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident and domiciliary of the Commonwealth of Pennsylvania

2. Galen is a corporation, formed under the laws of the State of Delaware.

3. Galen operates out of a principal office located in Baltimore, Maryland.

4. During the period relevant to this action, Galen operated as a for profit business entity, engaged in the development and sale of medical equipment.

5. Lichorowic is an adult resident and domiciliary of the State of Maryland.

6. In this action, complete diversity of citizenship exists between Plaintiff and the Defendants.

7. During the period relevant to this action, Lichorowic served as Galen's managing and controlling officer.

8. During the period relevant to this action, Lichorowic acted as Plaintiff's most senior manager and supervisor.

9. During the period relevant to this action, Lichorowic held full authority to hire, fire, or otherwise subject Plaintiff to employment related discipline.

10. During the period relevant to this action, Lichorowic held full authority to direct and/or modify Plaintiff's job duties and responsibilities.

11. During the period relevant to this action, Lichorowic personally participated in negotiating and setting Plaintiff's rate and method of compensation.

12. During the period relevant to this action, Lichorowic personally made decisions related to Plaintiff's compensation and, more specifically, Lichorowic personally made decisions to fail or refuse to make full and timely payment of earned wages to Plaintiff giving rise to this action.

13. During the period relevant to this action, Defendants directed Plaintiff to perform substantial and ongoing employment duties for Defendants' primary benefit giving rise to this action within the State of Maryland.

14. During the period relevant to this action, a substantial portion of the acts and omissions giving rise to this action occurred within the State of Maryland.

15. At all times relevant, both Galen and Lichorowic individually and jointly qualified as Plaintiff's employers or joint employers within the definition set forth under the Maryland Wage Payment Collection Law ("MWPCL").

16. In this action, Plaintiff seeks recovery of damages against Defendants, jointly and severally, in the amount of One Hundred Forty-Three Thousand Two Hundred Eight Dollars and Zero Cents ($143,208.00), plus recovery of attorney's fees and costs to be determined by post-judgment petition.

17. This Court has subject matter to adjudicate all claims in this action by and through diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, because the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars and Zero Cents ($75,000.00), exclusive of interest and costs, and diversity of citizenship exists between the Parties.

18. Pursuant to the foregoing, personal jurisdiction and venue are proper in this Court.

## CAUSE OF ACTION

## VIOLATION OF THE MWPCL

19. Defendants employed Plaintiff within the State of Marland as a Software Engineer during the period of about May 2022, through about November 2023.

20. During the pay period of about May 30, 2022, through June 30, 2022, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Five Thousand Three Hundred Dollars and Zero Cents ($5,300.00).

21. During the pay period of about July 1, 2022, through July 31, 2022, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Five Thousand Dollars and Zero Cents ($5,000.00).

22. During the pay period of about August 1, 2022, through August 28, 2022, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Four Thousand Seven Hundred Dollars and Zero Cents ($4,700.00).

23. During the pay period of about September 6, 2022, through September 30, 2022, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Four Thousand Four Hundred Dollars and Zero Cents ($4,400.00).

24. During the pay period of about October 1, 2022, through October 31, 2022, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Five Thousand Dollars and Zero Cents ($5,000.00).

25. During the pay period of about November 1, 2022, through November 30, 2022, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Five Thousand Dollars and Zero Cents ($5,000.00).

26. During the pay period of about December 1, 2022, through December 9, 2022, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of One Thousand Five Hundred Dollars and Zero Cents ($1,500.00).

27. During the pay period of about February 6, 2023, through February 28, 2023, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of One Thousand One Hundred Fifty-Seven Dollars and Zero Cents ($1,157.00).

28. During the pay period of about March 1, 2023, through March 31, 2023, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Six Hundred Fifty-Six Dollars and Zero Cents ($656.00).

29. During the pay period of about September 1, 2023, through September 30, 2023, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Seven Thousand Nine Hundred Sixteen Dollars and Zero Cents ($7,916.00).

30. During the pay period of about October 1, 2023, through October 31, 2023, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Seven Thousand Nine Hundred Sixteen Dollars and Zero Cents ($7,916.00).

31. During the pay period of about November 1, 2023, through November 28, 2023, without excuse or justification, Defendants failed or refused to pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit during this period in the amount of Seven Thousand Three Hundred Eighty-Eight Dollars and Zero Cents ($7,388.00).

32. On or about October 18, 2022, Defendants paid Plaintiff a partial payment of wages for an unspecified period in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00).

33. On or about May 31, 2023, Defendants paid Plaintiff a partial payment of wages for an unspecified period in the amount of Three Thousand Dollars and Zero Cents ($3,000.00).

34. On or about November 7, 2023, Defendants paid Plaintiff a partial payment of wages for an unspecified period in the amount of Five Hundred Sixty-Two Dollars and Zero Cents ($562.00).

35. On or about November 7, 2023, Defendants paid Plaintiff a partial payment of wages for an unspecified period in the amount of Four Hundred Thirty-Seven Dollars and Zero Cents ($437.00).

36. On or about December 20, 2023, Defendants paid Plaintiff a partial payment of wages for an unspecified period in the amount of One Thousand Six Hundred Ninety-Eight Dollars and Zero Cents ($1,698.00).

37. In total, for the period May 2022, through November 2023, Defendants failed to fully or timely pay Plaintiff earned and promised wages for employment duties performed for Defendants' primary benefit in the amount of Forty-Seven Thousand Seven Hundred Thirty-Six Dollars and Zero Cents ($47,736.00).

38. During the period relevant to this action, Defendants had actual knowledge that Plaintiff earned and was promised wages for employment duties performed for Defendants' primary benefit in the amount of Forty-Seven Thousand Seven Hundred Thirty-Six Dollars and Zero Cents ($47,736.00).

39. Defendants' failure to fully and timely pay Plaintiff earned and promised wages in the amount of Forty-Seven Thousand Seven Hundred Thirty-Six Dollars and Zero Cents ($47,736.00), due and owing by Defendants to Plaintiff as earned and promised compensation for employment duties Plaintiff performed for Defendants' primary benefit during the period May 2022, through November 2023, was with actual knowledge of illegality and was therefore willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

40. Defendants' knowing failure to fully and timely pay Plaintiff his earned and promised wages for employment duties performed for Defendants' primary benefit in the amount of Forty-Seven Thousand Seven Hundred Thirty-Six Dollars and Zero Cents ($47,736.00) constitutes a *per se* violation of Plaintiff's wage payment rights under the MWPCL.

41. Arising from Defendants' knowing violation of Plaintiff's wage payment rights under the MWPCL, Defendants are now jointly and severally liable to Plaintiff for MWPCL statutorily prescribed damages in the amount of three times (3x) Plaintiff's earned, promised, and unpaid wages in the amount of One Hundred Forty-Three Thousand Two Hundred Eight Dollars and Zero Cents ($143,208.00) ($47,736.00* 3 = $143,208.00), plus payment of Plaintiff's attorney's fees and costs to be determined by post-judgment petition.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff as damages arising from Defendants' knowing and willful violation of Plaintiff's wage payment rights under the MWPCL in the amount of One Hundred Forty-Three Thousand Two Hundred Eight Dollars and Zero Cents ($143,208.00), plus payment of Plaintiff's attorney's fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted,

 /s/ Gregg C. Greenberg
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*