IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VISHNU KOLAL, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil No. 24-721-BAH |
| GALEN ROBOTICS, INC., ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Vishnu Kolal ("Plaintiff") brought suit against his former employer Galen Robotics, Inc. ("Galen") and its President and CEO, Bruce Lichorowic ("Lichorowic"), alleging violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann., Lab. & Empl. ("LE") §§ 3-501 to 3-509. *See* ECF 1 (complaint). Pending before the Court is Plaintiff's Motion for Default Judgment (the "Motion") against Galen. ECF 9. Galen did not file an opposition. All filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's Motion is **DENIED** without prejudice.

### I.  BACKGROUND

#### A.  Factual Allegations

Galen Robotics is a company that develops and sells medical equipment located in Baltimore, Maryland. ECF 1, at 2 ¶¶ 2–4. Plaintiff, a resident of Pennsylvania, was employed by Galen as a software engineer from May 2022 through November 2023. *Id.* at 4 ¶ 19. Lichorowic,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

who is sued in his individual capacity, *id.* at 1, "served as Galen's managing and controlling officer," and "acted as Plaintiff's most senior manager and supervisor," who "held full authority to direct and/or modify Plaintiff's job duties and responsibilities," including "negotiating and setting Plaintiff's rate and method of compensation." *Id.* at 2 ¶ 7–11.

Plaintiff alleges he was an employee who was directed "to perform substantial and ongoing employment duties," but nevertheless did not receive his full and timely payment of earned wages. *Id.* at 2–3 ¶ 12–13. Plaintiff alleges that between May 2022 through March 2023, and from September 2023 through November 2023, Defendants failed to pay Plaintiff $47,736.00 in earned and promised wages. *Id.* ¶¶ 20–31, 37. Plaintiff asserts that the failure to fully and timely pay him "was not the result of any *bona fide* dispute between plaintiff and Defendants, and was not made in good faith" and is a "*per se* violation of Plaintiff's wage payment rights under the MWPCL." ECF 1, at 8 ¶¶ 39–40. He seeks "a judgment against Galen and Lichorowic, jointly and severally," for the "MWPCL statutorily prescribed damages in the amount of three times (3x) Plaintiff's earned, promised, and unpaid wages" totaling $143,208.00. *Id.* ¶ 41. In addition to the damages award, Plaintiff requests $5,365.00 in attorney's fees and costs. ECF 9, at 12.

### B.   Procedural History

Plaintiff filed the Complaint on March 11, 2024. ECF 1. Plaintiff served the summons on the Defendants on March 25, 2024. ECF 3 & 4. After neither Defendant filed a responsive pleading, the clerk entered defaults against each of them on May 8, 2024. ECF 7 & 8. On May 20, 2024, the Plaintiff filed the instant motion for default judgment. ECF 9. However, on June 11, 2024, Lichorowic filed a Motion to Vacate the Notice of Default. ECF 10. The Court granted Lichorowic's motion, but the Motion remained pending as to Galen. ECF 12. Galen failed to

respond to the Motion, and the time to do so has now expired. As such, the Motion is now ripe for review.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court may conduct hearings or make referrals when necessary to determine the damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g., Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, Civ. No. DKC-11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l, Inc. v. Austin Area Hospitality, Inc.*, Civ. No. TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

With respect to liability, the court takes as true all well-pleaded facts in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court applies the

3

pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in the context of default judgments. *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment. *Id.* ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.") (internal quotation marks omitted). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan*, 253 F.3d at 780. "The party moving for default judgment has the burden to show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action." *Harris v. Blue Ridge Health Servs., Inc.*, 388 F. Supp. 3d 633, 638 (M.D.N.C. 2019) (internal citations and quotation marks omitted).

If the complaint avers sufficient facts from which the court may find liability, the court next turns to damages. *See Ryan*, 253 F.3d at 780–81. The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. *See Lawbaugh*, 359 F. Supp. 2d at 422. Damages are restricted to that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

4

## III. ANALYSIS

### A. Default Judgment is Not Appropriate Against a Single Defendant Because Plaintiff Alleges that Multiple Defendants are Jointly and Severally Liable

The MWPCL provides a private right of action to recover wrongfully withheld wages and "requires an employer to pay an 'employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.'" *Vanegas v. Diaz Granados, Inc.*, Civ. No. PWG-15-2298, 2017 WL 345855, at *3 (D. Md. Jan. 24, 2017) (quoting LE § 3-505(a)). The statute defines "[w]age" as "all compensation that is due to an employee for employment," including "overtime wages." LE § 3-501. An "employer" is defined under the MWPCL broadly as "any person who employs an individual in the State or a successor of the person." LE § 3-501(b).

Plaintiff alleges that both Galen and Lichorowic "employed Plaintiff . . . as a Software Engineer" but failed to pay Plaintiff wages totaling $47,736. ECF 1, at 9. Plaintiff seeks default judgment only against Galen. ECF 9. The Court is satisfied that Galen was properly served and failed to file a responsive pleading. *See* ECF 7 (summons returned executed). The Court is likewise satisfied that it has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1332.[2] However, it is generally inappropriate to enter default judgment against a single

---

[2] A federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "It is 'black letter law' that 'the conditions that create diversity jurisdiction . . . need not survive through the life of the litigation,' and that 'a court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes,' including to 'the amount in controversy.'" *Perry v. Nat'l Ass'n of Home Builders of United States*, Civ. No. TDC-20-0454, 2020 WL 5759766, at *2 (D. Md. Sept. 28, 2020) (quoting *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002)). The Court is satisfied that the dispute is between citizens of different states. Moreover, though the wages allegedly owed to Plaintiff are less than $75,000, the MWPCL permits treble damages and attorney's fees that would, if imposed, take the amount in controversy over the required threshold. ECF 1, at 9. *See R.L.*

5

defendant in a multi-defendant case where a complaint asserts "the joint and several liability of all of the defendants." *See Queen v. Ctr. for Sys. Mgmt., Inc.*, Civ. No. ELH-10-3518, 2012 WL 4058044, at *2 (D. Md. Sept. 13, 2012) (Report and Recommendation by Magistrate Judge Gesner adopted by Judge Hollander on October 3, 2012); *see also Leighton v. Homesite Ins. Co. of the Midwest*, 580 F. Supp. 3d 330, 332–33 (E.D. Va. 2022). In that circumstance, "ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course 'is simply to enter a default' against the defaulting party, and to 'proceed with the cause upon the answers of the other defendants.'" *Queen v. Ctr. for Sys. Mgmt., Inc.*, Civ. No. ELH-10-3518, 2012 WL 4058044, at *2 (D. Md. Sept. 13, 2012) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). The Fourth Circuit has extended the rule in *Frow* to cases where liability is joint and several, as well as to certain instances where codefendants' liability is alleged to be "closely interrelated." *U.S. ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967).

Plaintiff alleges only one cause of action against both Galen and Lichorowic. ECF 1, at 4–9. Plaintiff alleges that both Galen and Lichorowic "are liable, jointly and severally" for the failure to pay Plaintiff's wages. *Id.* at 9. A review of the complaint reveals that the allegations against both Galen and Lichorowic are closely interrelated. Lichorowic has answered the complaint and appears to be actively litigating the case.[3] *See* ECFs 13 (Answer); 25 (extending discovery through December 31, 2024 and setting a date for dispositive motions of January 23, 2025). As such, granting default judgment against only one of two codefendants would be inappropriate at this

---

*Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages."); *see also Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460 (D. Md. 2013) ("Trebled damages are considered when determining the amount in controversy.").

[3] Both Plaintiff and Lichorowic have missed a deadline to provide a status report in this case. The Court addresses the appropriate next step later in this opinion. *See, infra*, at Section C.

time. However, following the resolution of Plaintiff's claims against Lichorowic, the Court will entertain a motion for default judgment against defendant Galen. *See Great Divide Ins. Co. v. Workforce Mgmt. Sols., Inc.*, Civ. No. CV RDB-16-3326, 2017 WL 3727500, at *1 (D. Md. Aug. 30, 2017) (citing *Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts & Outdoor Servs.*, No. ELH-10-1008, 2011 WL 219636, at * 2 (D. Md. Jan. 21, 2011)).

### B.    Plaintiff has Failed to Properly Support the Request for Damages

Regardless, the record before the Court fails to establish that Plaintiff is entitled to the requested damages. The Court may award damages without a hearing, but only if the record supports the damages requested. *Clancy v. Skyline Grill, LLC*, Civ. No. ELH-12-1598, 2012 WL 5409733, at *5 (D. Md. Nov. 5, 2012); *see also Monge*, 751 F. Supp. 2d at 795 (collecting cases in which damages were awarded after an entry of default judgment and without a hearing, based on affidavits, electronic records, printouts, invoices, or other documentary evidence). The Court must be able to "review[] competent evidence in support of this figure." *See Int'l Painters & Allied Trades Indus. Pension Fund v. 3 R Painting & Contracting Co.*, Civ. No. RDB-12-272, 2013 WL 424694, at *7 (D. Md. Jan. 31, 2013) (awarding $114,269.54 in unpaid contributions where the Assistant to the Fund Administrator attested to, *and the Court verified*, the Plaintiff's calculation, as illustrated in the affidavit).

In support of his request for damages, Plaintiff offers a sworn declaration detailing the uncompensated wages to which he was entitled and never received during his employment with Galen. *See* ECF 9-1 (Plaintiff's sworn declaration). The Declaration repeats the conclusory statements made in the complaint regarding amounts Galen and Lichorowic failed or refused to pay and recounts partial payments made during certain pay periods. *See id.* Plaintiff does not provide any other evidence supporting the damage amount other than his brief, conclusory declaration. *See Villatoro v. CTS & Assocs., Inc.*, No. DKC-14-1978, 2015 WL 5457062, at *3

(D. Md. Oct. 23, 2015) (finding that the court was "unable to determine accurately Plaintiffs' entitlement to damages" when only provided "conclusory assertions as to the total number of weeks each Plaintiff worked"). For example, there is no information as to when Plaintiff was hired, Plaintiff's salary or regular rate of pay, or how many hours Plaintiff worked during each pay period. While the Plaintiff's evidence is unrebutted, it leaves the Court unable to verify the legitimacy of the damages calculation because there is no evidence in the record for the Court to independently review.

To credibly establish that Plaintiff is entitled to $47,736.00, Plaintiff must provide more than a single affidavit asserting the amounts owed. *Cf. Select Specialty Hosp. – Quad Cities, Inc. v. WH Admin'rs, Inc.*, Civ. No. PX-18-3586, 2020 WL 4569521, at *6 (D. Md. Aug. 7, 2020) (finding evidence adequately supported the amount sought where, in support of the requested award, Plaintiff submitted an invoice detailing the services and care provided to the patient); *Lopez v. Lawns 'R' Us*, No. DKC-07-2979, 2008 WL 2227353, at *1 (D. Md. May 23, 2008) (awarding MWPCL damages where Plaintiff "maintained records of the hours he worked and the pay he received"). Without more, the Court has no competent evidence to review in support of the requested amount and cannot verify Plaintiff's calculation. *See Villatoro*, 2015 WL 6468062, at *3 n.2 ("Some evidence or more detailed affidavits are required."). Thus, even if default judgment were appropriate at this time, the Court lacks the requisite information to make an independent determination regarding damages.

### C. Plaintiff and Lichorowic Failed to Provide a Status Report

The Court notes that discovery has closed and the deadline for the filing of dispositive motions has passed. ECF 25, at 1 (noting that discovery closed on December 24, 2024 and establishing that dispositive pretrial motions are due on or before January 23, 2025). A joint status report was due on December 24, 2024 but was never filed. Moreover, no dispositive motions were

8

filed and the case should be set for trial. Accordingly, Plaintiff and Lichorowic are to provide a joint status report within fourteen (14) days including the following information:

1. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

2. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

3. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference;

4. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case including trial (jury or non-jury) and entry of final judgment; and

5. Any other matter which you believe should be brought to the Court's attention.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment as to Galen is **DENIED** without prejudice. The remaining parties are to provide a joint status report within fourteen (14) days.

A separate implementing Order will issue.

Dated: February 24, 2025

           /s/
Brendan A. Hurson
United States District Judge